IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAIF ABDULLA AL NAKHEELAN, et. al.   ) | |
|     *Petitioners/Plaintiffs,*         ) | |
|                                ) | No. 05-cv-02201 |
| v.                                 ) | |
| GEORGE W. BUSH, et. al.               ) | |
|     *Respondents/Defendants.*       ) | |

## PETITIONERS' MEMORANDUM IN SUPPORT OF
## MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioners respectfully request that the Court enter the attached Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order")[1]. The Amended Protective Order is attached as Exhibit 1. The Order was first issued on November 10, 2004 in the *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and has since been entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g., Mamet, et al. v. Bush*, 05-1602 (D.D.C., September 15, 2006), *Wahab v. Bush*, 05-886 (D.D.C., Jan. 10. 2006).

The government conditions Petitioners' right of access to existing *pro bono* and assigned counsel upon entry of the Amended Protective Order. *Al Odah, et al. v. Bush, et al*, 346 F.Supp.2d 1 (D.D.C. 2004). Petitioners' undersigned counsel are prohibited from meeting with Petitioners until the Amended Protective Order is entered in this case. In the absence of an order

---

[1] The Amended Protective Order includes the following related orders entered in *In re Guantanemo Detainee Cases*: Amended Protective Order and Procedures for Counel Access to Detainees at the United States Navel Base in Guantanemo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits 1-3.

1

by this Court, counsel are also prohibited from sending or receiving mail from Petitioners and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship. Entry of the Amended Protective Order would afford counsel the opportunities provided to counsel in other pending Guantánamo Bay detainee cases, including permission to visit petitioners at Guantánamo Bay and to send their clients privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order. The ability of counsel to meet and communicate with their clients is crucial to their attorney-client relationship.

Although Petitioners are moving for entry of the Amended Protective Order, they reserve the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

### Rule 7(m)

Pursuant to Local Civil Rule 7(m), the undersigned counsel for petitioners conferred with respondents' counsel regarding the relief sought in this motion. The parties were unable to narrow the areas of disagreement.

        Respectfully submitted,

        Counsel for Petitioners:

        /s/ Harvey A. Schwartz
        HARVEY A. SCHWARTZ
        Massachusetts BBO # 448080
        KEVIN POWERS
        Massachusetts BBO # 405020
        JONATHAN J. MARGOLIS
        Massachusetts BBO # 319980
        Rodgers, Powers & Schwartz, LLP
        18 Tremont Street, Suite 500
        Boston, MA 02108
        617-742-7010

Dated: October 4, 2006