IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NAYIF ABDALLAH IBRAHIM IBRAHIM, )
)
)
Petitioner, )
)
v. )    Civil Action No. 05-2201 (ESH)
)
GEORGE W. BUSH, *et al.*, )
)
Respondents. )
)

### DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Nayif Abdallah Ibrahim Ibrahim that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8 September 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 0329

0 8 NOV 2004

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 258**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #258 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

UNCLASSIFIED

5 Nov 04

MEMORANDUM

From: Legal Advisor
To: Director, Combatant Status Review Tribunal

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 258

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #2 of 2 August 2004
(2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected not to participate in the Tribunal proceedings.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal complied with all provisions of references (a) and (b).

   d. The detainee made no requests for witnesses or other evidence.

   e. The Tribunal's decision that detainee # 258 is properly classified as an enemy combatant was unanimous.

   f. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

JAMES R. CRISFIELD JR.
CDR, JAGC, USN

UNCLASSIFIED



Department of Defense
Director, Combatant Status Review Tribunals

2 August 2004

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #2

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

▮▮▮▮▮▮▮▮▮▮, Colonel, U.S. Marine Corps; President

▮▮▮▮▮▮▮▮▮▮, Lieutenant Colonel, U.S. Army; Member (JAG)

▮▮▮▮▮▮▮▮▮▮, Lieutenant Colonel, U.S. Air Force; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
U.S. Naval Reserve



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

17 September 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 258

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███████.

DAVID L. TAYLOR
Colonel, USAF

~~SECRET//NOFORN//X1~~

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) (3) and (4).

(U) TRIBUNAL PANEL: __#2__

(U) ISN#: __258__

Ref:   (a) (U) Convening Order for Tribunal #2 of 2 August 2004 (U)
       (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
       (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis For Tribunal Decision (U)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~)
       (4) (U) Copies of Documentary Evidence Presented (S/NF)
       (5) (U) Personal Representative's Record Review (U)

1. (U) This Tribunal was convened on 3 September 2004 by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant, as defined in reference (c).

2. (U) On 3 September 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #258 is properly designated as an enemy combatant, as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, both Al-Qaeda and the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

                                                Colonel, U.S. Marine Corps
                                                Tribunal President

DERV FM: Multiple Sources    ~~SECRET//NOFORN//X1~~
DECLASS: X1

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL:      #2
ISN #:        258

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with, the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder alleged that the Detainee was associated with both Al-Qaeda and the Taliban. He is said to have admitted traveling to Afghanistan to participate in jihad and to have received weapons training at the Al-Farouq training camp, a camp he knew was affiliated with Al-Qaeda. The Detainee is also said to have attended a Moroccan training camp in Jalalabad, Afghanistan, for six to seven months, where he received mortar training. He was injured during U.S. air strikes on the Moroccan training camp, and later captured by Pakistani authorities. The detainee chose not to participate in the Tribunal process. He called no witnesses, requested no unclassified or classified documents be produced, and made no statement.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a, R-1 through R-16.

    b. Testimony of the following persons: None

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses and requested no additional evidence be produced; therefore, no rulings on these matters were required.

UNCLASSIFIED//~~FOUO~~

ISN #258
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//~~FOUO~~

### 5. Discussion of Unclassified Evidence

The Tribunal found the following unclassified evidence persuasive in making its determinations: Exhibit R-1, the unclassified summary of the evidence was helpful in familiarizing the Tribunal with the background of the Government's case concerning this Detainee. However, this exhibit was only partially persuasive because it was not supported by any unclassified evidence.

The Tribunal found the following unclassified evidence unpersuasive in making its determinations: Exhibit R-2, a request from the Federal Bureau of Investigation to redact certain information from its recorded interview with this Detainee from the "FBI Form 302" or "FD 302" was not helpful to the Tribunal is determining whether the Detainee was properly classified as an enemy combatant. To be more specific, the mere declaration that "inappropriate" release of the information "could damage the national security of the United States and compromise ongoing FBI investigations," without a discussion of the underlying information and the reasons why its release to the Tribunal would be damaging to U.S. national security or compromising to current future FBI investigations, was not helpful to the Tribunal. The Tribunal therefore found Exhibit R-2 to be without merit.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was requested or deemed necessary.

    b. The detainee understood the Tribunal proceedings, but chose not to participate in the Tribunal process, as indicated in Exhibit D-a. The Tribunal questioned the Personal Representative closely on this matter and was satisfied that the Detainee had made an informed choice not to participate in the process. The Personal Representative's attempt to engage the Detainee in conversation about the CSRT process was met with long, repeated periods of silence. After repeated efforts, as well as after ascertaining the quality of the translation, the Personal Representative concluded that the Detainee, by his silence, was indicating that he did not want to participate in the CSRT process.

UNCLASSIFIED//~~FOUO~~

ISN #258
Enclosure (1)
Page 2 of 3

UNCLASSIFIED//~~FOUO~~

c. The detainee is properly classified as an enemy combatant because he is a member of, or affiliated with, both Al-Qaeda and the Taliban and because he engaged in hostilities against the United States and/or the Northern Alliance.

**8. Dissenting Tribunal Member's report**

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████████

Colonel, U.S. Marine Corps
Tribunal President

UNCLASSIFIED//~~FOUO~~

## DETAINEE ELECTION FORM

Date: 1 Sep 04
Start Time: 1340
End Time: 1400

ISN#: 258

Personal Representative: █████████, MAJOR, USAF
(Name/Rank)

Translator Required? YES    Language? MODERN ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☐ Affirmatively Declines to Participate in Tribunal

☒ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee did not respond to any discussions in the interview. He did make eye contact on numerous occasions and seemed to understand partially what the translator was saying. But he remained quiet despite my attempts to engage him in discussions.
I stated to him that his silence indicated that he did not want to participate in the Tribunal process.

Personal Representative: ████████

UNCLASSIFIED//~~FOUO~~

EXHIBIT D-a

~~FOUO~~

## Recorder Exhibit List
## For
## ISN 

| # | Title | Classification |
|---|---|---|
| R1 | Unclassified Summary | UNCLASSIFIED |
| R2 | FBI Redaction Memo dtd 6 Aug 04 | UNCLASSIFIED |
| R3 | FBI 302 dtd 05 Sept 03 | FOUO, LES |
| R4 | FBI 302 dtd 14 Mar 03 | FOUO, LES |
| R5 | CITF Form 40 dtd 6 Aug 03 | FOUO, LES |
| R6 | CITF Form 40 dtd 9 Oct 03 | SECRET |
| R7 | JTF-GTMO Assessment Memo dtd 14 May 04 | SECRET |
| R8 | JTF-GTMO IIR 6 034 0370 03 dtd 16 May 02 | SECRET |
| R9 | JTF-GTMO SIR dtd 27 Apr 02 | SECRET/NOFORN |
| R10 | JTF-GTMO SIR dtd 19 May 02 | SECRET/NOFORN |
| R11 | JTF-GTMO Baseball Card for ISN 258 | SECRET/NOFORN |
| R12 | Polygraph Report of Examination dtd 16 Dec 03 | SECRET/NOFORN |
| R13 | OSD/SOLIC Review Checklist for ISN 258 | SECRET/NOFORN |
| R14 | CITF-CDR Memo dtd 14 Jun 04 | SECRET/NOFORN |
| R15 | JDIMS Facility Info – Duranta Training Camp | SECRET/NOFORN |
| R16 | FBI 302 dtd 22 Feb 02 | FOUO, LES |

~~FOUO~~

Unclassified

**Combatant Status Review Board**

31 August 2004

TO: Personal Representative

FROM: OIC, CSRT

Subject: Summary of Evidence for Combatant Status Review Tribunal – Al Nukhaylan, Nayif Abdallah Ibrahim

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he associated with al Qaida and the Taliban and engaged in hostilities against the United States or its coalition partners.

    a. Detainee is associated with al-Qaida and the Taliban.

        1. The detainee admits traveling to Afghanistan to participate in Jihad.

        2. Detainee admits receiving training at al-Farouq weapons training camp. He received instruction on the AK-47 rifle, PK machine gun, and RPG weapons system.

        3. Detainee admits knowing that al-Forouq training camp belongd to Usama Bin Laden and that it was a terrorist training camp.

        4. Detainee also attended a Moroccan training camp in Jalalabad for six to seven months.

        5. Detainee admits receiving mortar training at the Moroccan camp.

    b. Detainee engaged in hostilities against the US or its coalition partners.

        1. The detainee was injured during U.S. air strikes on the Moroccan training camp.

Unclassified

EXHIBIT R1

Unclassified

2. Pakistani authorities captured detainee.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

August 6, 2004

REQUEST FOR REDACTION OF NATIONAL SECURITY INFORMATION

ISN 258

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

---

[1] Redactions are marked by means of pink/blue highlighter on the OARDEC provided FBI document.

[2] See Executive Order 12958

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

EXHIBIT R2

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on **14** September 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #258.

    **X**  I have no comments.

    ___  My comments are attached.



_____, Maj, USAF      14 Sep 04
Name                                        Date

_____
Signature

ISN #258
Enclosure (5)

UNCLASSIFIED//~~FOUO~~