IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED MUBAREK SALAH AL QURBI, )
)
)
Petitioner, )
)
v. )   Civil Action No. 05-2201 (ESH)
)
GEORGE W. BUSH, *et al.*, )
)
Respondents. )

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Mohammed Mubarek Salah Al Qurbi that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8 September 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
### Director, Combatant Status Review Tribunals

OARDEC/Ser: 833

29 JAN 2005

~~FOR OFFICIAL USE ONLY~~

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 342**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #342 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

~~FOR OFFICIAL USE ONLY~~

UNCLASSIFIED

21 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 342

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #26 of 9 December 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and elected to participate. *See* exhibit D-a. The detainee also provided an unsworn statement to the Tribunal in a question and answer format. *See* enclosure (3) The Tribunal considered the sworn statement in its deliberations.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee #342 is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

PETER C. BRADFORD
LT, JAGC, USNR

UNCLASSIFIED



**Department of Defense**
Director, Combatant Status Review Tribunals

9 Dec 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #26

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

███████████████, Colonel, U.S. Air Force; President

███████████████, Commander, U.S. Navy; Member (JAG)

███████████████, Major, U.S. Air Force; Member

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

10 January 2005

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander ICO ISN 342

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███████.

CHARLES E. JAMISON
CAPT, USN

~~SECRET//NOFORN//X1~~

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#26__

(U) ISN#: __342__

Ref:   (a) (U) Convening Order for Tribunal #26 of 9 December 2004 (U)
        (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
        (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
       (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
       (3) (U) Summary of Detainee/Witness Testimony (U/~~FOUO~~)
       (4) (U) Copies of Documentary Evidence Presented (S/NF)
       (5) (U) Personal Representative's Record Review (U/~~FOUO~~)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 29 December 2004, the Tribunal determined by a preponderance of the evidence that Detainee #342 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, al Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



, Colonel, USAF
Tribunal President

**DERV FM: Multiple Sources**
**DECLASS: X1**

~~SECRET//NOFORN//X1~~

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #26
ISN #: 342

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was part of or supporting al Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal hearing was conducted on 29 December 2004. During the unclassified portion of the Tribunal, the Personal Representative presented Exhibit D-a, the Detainee Election Form, after which the Recorder presented Exhibit R-1. The latter exhibit, the Unclassified Summary of Evidence, indicates that the detainee traveled extensively during the period December 2000 through November 2001; multiple visits to Saudi Arabia, Pakistan, and the United Arab Emirates, a one-week stop in Syria, and a five-month stay in Malaysia are recorded in his passport; an Al Qaida operative is known to have falsified passports using a Malaysian visa stamp in order to eliminate evidence of travel in Afghanistan and Pakistan; the detainee was a member of al Qaida and a member of Al-Nashiri's security element; the detainee was observed on board a Taliban airplane ferrying fighters bound for Northern Afghanistan; the detainee was identified as an al Qaida member by a former guard at Usama Bin Laden's complex at the Kandahar, Afghanistan, Airport; the detainee served as the manager of the al Qaida front-lines guesthouse in Kabul Afghanistan; and Pakistani Police in Quetta arrested the detainee on 25 November 2001. The Recorder called no witnesses.

The detainee participated in the Tribunal process. After declining to take an oath, the detainee provided some comments on each of the allegations on the Unclassified Summary of Evidence. Afterwards, he answered a question posed by a Tribunal member, but then declined to answer any further questions other than to refer the Tribunal to his case file. The detainee's testimony, including his responses to the questions posed to him, is summarized in Enclosure (3) to the CSRT Decision Report. The detainee requested no witnesses and submitted no evidence.

During the classified session of the Tribunal, the Recorder presented Exhibits R-2 through R-19, identifying those exhibits that directly addressed the allegations in the Unclassified Summary of Evidence and those that provided amplifying information. The Personal Representative introduced no classified documents and did not comment on the classified evidence.

UNCLASSIFIED//~~FOUO~~

ISN #342
Enclosure (1)
Page 1 of 3

UNCLASSIFIED//FOUO

### 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-19.

    b. Testimony of the following persons: None.

    c. Unsworn testimony of the detainee: See Enclosure (3) to the CSRT Decision Report.

### 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The detainee requested no witnesses or other evidence be produced for the hearing; no rulings were necessary.

### 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibit R-1 into evidence during the unclassified portion of the proceeding. That exhibit, the Unclassified Summary of Evidence, while helpful in that it provides a broad outline of what the Tribunal can expect to see, is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Accordingly, the Tribunal had to look to classified exhibits for support for the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the detainee's unsworn testimony. A summarized transcript of the detainee's unsworn testimony is attached as CSRT Decision Report Enclosure (3). In sum, the detainee asserted that he had never been to Afghanistan, and that he was not an al Qaida member who worked as a guard at an Usama Bin Laden complex.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report

### 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

### 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

UNCLASSIFIED//FOUO

ISN #342
Enclosure (1)
Page 2 of 3

UNCLASSIFIED//~~FOUO~~

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. He asked no questions regarding his rights and participated in the hearing.

    c. The detainee is properly classified as an enemy combatant because he was part of or supporting al Qaida forces or associated forces that are engaged in hostilities against the United States or its coalition partners.

## 8. Dissenting Tribunal Member's Report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



_____, Colonel, USAF
Tribunal President

UNCLASSIFIED//~~FOUO~~

ISN #342
Enclosure (1)
Page 3 of 3

UNCLASSIFIED // FOUO

**Summarized Sworn Detainee Statement**

*The Tribunal President explained the Tribunal process, and asked the Detainee if he understood this process. The Detainee responded as follows:*

Detainee: Yes, I do.

Tribunal President: Do you have any questions at this time concerning the Tribunal process?

Detainee: No, I don't have any but I would like to discuss the allegations.

*The Tribunal President agreed and explained to the Detainee that he will be able to do so after the Tribunal proceedings are read.*

*The Detainee Election form (Exhibit D-a) was given to the Tribunal, and the unclassified evidence was given to the Tribunal. The Recorder then entered the Unclassified Summary of Evidence into evidence as Exhibit R-1. The Personal Representative then requested a closed session to review classified information at a later time.*

Tribunal President (to the Detainee): You may now present any evidence you have to this Tribunal, and you have the assistance of your Personal Representative in doing so. Do you want to make a statement to the Tribunal? Before you answer that, I would like to clarify something for you. The three members here have not seen any part of your file. We are independent officers assigned to review your status as an enemy combatant. All we know about the case is what we have heard here so far. As you can see from the process we have gone through, this is the time for you to provide us information in your own words about what the government has listed as reasons that you should be classified as an enemy combatant. It has been very helpful to other Tribunals if the personal representative would read each one of the allegations and the Detainee would make any comment he felt appropriate regarding that allegation. The decision is completely yours. You are not required to answer or comment at all. It is your choice. Again, would you like to make a statement to this Tribunal today?

Detainee: Yes, I do.

Tribunal President: Would you like to make your statements under oath, which is a promise to tell the truth. We have a prepared Muslim oath if you would like to use that.

Detainee: Are there any Muslims here that I can swear in front of?

Tribunal President: I wouldn't know that. It is not a matter I am concerned with. It is your choice to make your sworn statement. You are not required to take a Muslim oath. Any oath or promise to tell the truth would be acceptable to us.

Detainee: If there were Muslims here, I would take the oath.

Tribunal President: I can't answer that question.

UNCLASSIFIED//FOUO

ISN# 342
Enclosure (3)
Page 1 of 5

UNCLASSIFIED // ~~FOUO~~

Detainee: Fine.

Tribunal President: OK. We will consider your statement un-sworn and you may continue.

Detainee: Fine.

Tribunal President: Personal Representative you may assist the Detainee in reviewing the government's unclassified summary of evidence.

Personal Representative (to the Detainee): I will read each allegation to you and you can make a response. Let me know when you are done and I will read the next.

Detainee: Fine.

*The Personal Representative reads the following information from Exhibit R-1.*

3.a-1: *The Detainee traveled extensively during the period December 2000 through November 2001. Multiple visits to Saudi Arabia, Pakistan, the United Arab Emirates, a one-week stop in Syria and a five-month stay in Malaysia are recorded on the passport.*

Detainee: This is my story of how I went from Saudi Arabia, Pakistan, United Arab Emirates, then Malaysia then Syria. The order on the unclassified summary is mistaken. I went from Saudi Arabia to United Arab Emirates, then Pakistan, then Malaysia, and then Syria.

3.a-2: *An Al Qaida operative is known to have falsified passports using Malaysian visa stamps in order to eliminate evidence of travel in Afghanistan and Pakistan.*

Detainee: I talked about that with the interrogators. My passport is fine. The Saudi Arabian government is aware of my past passport and provided you with wrong information about me.

3.a-3: *The Detainee was a member of Al Qaida and a member of al-Nashri's security element.*

Detainee: I would like to ask a question. What is al-Nashri's?

Personal Representative: I can offer an answer, sir. Al-Nashri is an alleged Al Qaida Persian Gulf Operation chief who is tied to the attacks on the USS Cole.

Detainee: Am I a member with him?

Tribunal President: Regarding the allegation, it says that you are a member of Al Qaida and a member of this persons' security element. That is what this allegation is.

Detainee: That is not true.

UNCLASSIFIED//~~FOUO~~

ISN# 342
Enclosure (3)
Page 2 of 5

UNCLASSIFIED // FOUO

3.a-4: *The Detainee was observed on board a Taliban airplane carrying fighters down towards Northern Afghanistan.*

Detainee: First of all, I never entered Afghanistan. So how is it possible that I was observed on that airplane?

3.a-5: *The Detainee was identified as an Al Qaida member by a former guard at Usama Bin Laden's complex at the Kandahar, Afghanistan Airport.*

Detainee: Maybe that person said those things here under pressure from the interrogators during the interrogations to divert other people's attention from him because he didn't want to be tortured. So by identifying me, the interrogators would not torture him and all these allegations are not true.

3.a-6: *The Detainee served as the manager of the Al Qaida frontline's guesthouse in Kabul, Afghanistan.*

Detainee: I would like to repeat again that I have never entered into Afghanistan.

3.a-7: *Pakistani police in Quetta arrested the Detainee on 25 November 2001.*

Detainee: I do not understand when you say November or when you say the year 2001.

Translator: (To the Tribunal President) May I ask him if he understands the Muslim calendar?

Tribunal President: Please repeat the Julian date and also provide him the equivalent Muslim date.

Translator: Sure.

*The Translator explains the dates to the Detainee. The detainee did not respond further on this point.*

Personal Representative: That is the last point of evidence.

Detainee: I also have a couple of corrections to make in the unclassified summary.

Tribunal President: Please continue.

Detainee: My name is written there incorrectly.

Tribunal President: OK. What is your correct name?

Detainee: My name is Mohammed Ba-rak Sa-lem AL Qurbi (ph). You were calling me Mohammed Mo-ba-rek Sa-lem (ph).

UNCLASSIFIED//FOUO

ISN# 342
Enclosure (3)
Page 3 of 5

UNCLASSIFIED // ~~FOUO~~

Tribunal President: I understand. Is that the only correction you have?

Detainee: Yes, that is it.

Tribunal President: Does that conclude your statement?

Detainee: I still have one more.

Tribunal President: Please continue.

Detainee: I did not come here to this Tribunal because I agree with all these allegations as I explained to you. I ask the Tribunal [to ensure] that all the information you have on the unclassified evidence is accurate. First of all, there is a problem with the pronunciation of my name. My (inaudible) have got my passport in your possession. And there is a problem with my movement. Please just double check that my going from Saudi Arabia is (inaudible). Maybe these allegations are not against me but somebody else.

Tribunal President: I understand your concerns and we will consider that during the hearing.

Detainee: Fine.

*The Tribunal President confirms the Detainee's proper name and pronunciation of such.*

**Questions from the Tribunal Member's:**

Q: Are you a citizen of Saudi Arabia?
A: Yes, I am.

Q: And all the travel that you described did take place within a year?
*(The original question asked was: "And all the travel that you described did take place between December 2000 and November 2001?" However the Detainee does not understand the Gregorian calendar months or years, therefore the Tribunal Member rephrased his question to read as stated above.)*
A: Yes it did.

Q: What was the purpose of that trip?
A: Are you interrogating me or are you asking me?

Q: As the President has alluded, we do not know anything about your case at the moment. I am just trying to get a sense from you as to why you made these trips. It is up to you to answer or not.
A: You have all that information in my file.

Q: When you visited Malaysia, what city or cities did you stay in?
A: You have all that information in my files.

UNCLASSIFIED//~~FOUO~~

ISN# 342
Enclosure (3)
Page 4 of 5

UNCLASSIFIED // ~~FOUO~~

Tribunal President: Mohammed Ba-rak Sa-lem AL Qurbi (ph), do you have any other evidence to present to this Tribunal?

Detainee: I told you everything I know.

*The Tribunal President then addressed the Personal Representative to request if any additional information would be presented to the Tribunal   The Personal Representative did not have any additional information.  The Tribunal President then explained the remainder of the Tribunal process to the Detainee and adjourned the open session.*

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.

■■■■■■■■■■, Colonel, USAF
Tribunal President

UNCLASSIFIED//~~FOUO~~

# DETAINEE ELECTION FORM

Date: 22 Dec 04
Start Time: 1110
End Time: 1130

**ISN#:** 342

**Personal Representative:** ███████████, LT COL

**Translator Required?** YES        **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES

**Detainee Election:**

[X] Wants to Participate in Tribunal

[ ] Affirmatively Declines to Participate in Tribunal

[ ] Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee does not intend to provide any oral or written statement however he will respond to any questions during his tribunal.
Detainee declined PR's offer to make an oral or written statement on his behalf.
Has indicated he will take the oath.
Detainee did not request any witnesses.
Detainee did not request any documentary evidence.

Personal Representative: ███████████

UNCLASSIFIED//~~FOUO~~             Exhibit D-a

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (20 December 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL QURBI, Mohammed Mubarek Salah.

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaeda forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that detainee is associated with al Qaida and the Taliban.

   A. The detainee is associated with al Qaida and the Taliban.

      1. The detainee traveled extensively during the period December 2000 through November 2001. Multiple visits to Saudi Arabia, Pakistan, and the United Arab Emirates, a one-week stop in Syria, and a five-month stay in Malaysia are recorded in his passport.

      2. An al Qaida operative is known to have falsified passports using a Malaysian visa stamp in order to eliminate evidence of travel in Afghanistan and Pakistan.

      3. The detainee was a member of al Qaida and a member of Al-Nashiri's security element.

      4. The detainee was observed on board a Taliban airplane ferrying fighters bound for Northern Afghanistan.

      5. The detainee was identified as an al Qaida member by a former guard at Usama Bin Laden's complex at the Kandahar, Afghanistan Airport.

      6. The detainee served as the manager of the al Qaida front-lines guesthouse in Kabul Afghanistan.

      7. Pakistani Police in Quetta arrested the detainee on 25 November 2001.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or

PAGE 1 OF 2

UNCLASSIFIED

EXHIBIT R-1

UNCLASSIFIED

evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on **2 January 05** I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #342.

  I have no comments.

___ My comments are attached.

LtCol ███████████ USAF          2 Jan 05
Name                             Date

███████████
Signature

ISN #342
Enclosure (5)